## J. W. DAVIS v. W. O. HALL.

FILED JANUARY 6, 1904. No. 13,281.

1. **Judgment:** VERDICT. Where a verdict exceeds the amount claimed in his pleadings, by the party gaining it, it is error to enter judgment for the full amount found.

2. **Remittitur.** Where such a verdict has been rendered, and the evidence would support one for the correct amount, the party should be allowed to remit the excess.

3. **Instructions:** REVIEW. Instructions to the jury, not complained of in the motion for a new trial, will not be examined.

4. ———: ———. Refusal of an instruction whose contents are fully covered by others given is not error.

5. **Payments:** BURDEN OF PROOF. The burden of proof is on defendant to establish payments, and on plaintiff to show that an admitted payment was properly applied on another debt.

6. **Instructions.** Instructions given *held* applicable to the evidence.

ERROR to the district court for Adams county: ED. L. ADAMS, JUDGE. *Affirmed if remittitur made.*

*L. J. Capps,* for plaintiff in error.

*Batty & Dungan, contra.*

HASTINGS, C.

Defendant in error, hereinafter styled the plaintiff, on October 9, 1901, filed in the district court for Adams county a petition upon two promissory notes; one originally for $3,573, on which there was alleged to be due, October 1, 1901, $2,321.44, and the other originally for $800, on which there was alleged to be due, October 1, 1901, $1.73. The defendant Davis answered, admitting the execution of the two notes, and alleged that both were part of the same transaction, and his only notes to the plaintiff; alleged an oral agreement that the interest should not exceed seven per cent. per annum; alleged an indebtedness by the plaintiff to himself of $6,065 for money had and received, in amounts and at dates set out in a

tabulated statement, and alleged a balance in his own favor of $1,164.15, for which he asked judgment. Plaintiff's reply set up the statute of limitations against the first charge of $1,050 in the defendant's account, and denied indebtedness on it; denied the verbal agreement as to interest; admits the receipt of $700 about September 1, 1895, and says at that time he held another note against defendant amounting to $620; that he canceled this note and sent it to defendant and indorsed the $80 remaining upon the $800 note sued on; that of the item charged by the defendant as $420 paid January 1, 1896, he received only $390, not upon the date alleged but at various times and in various amounts prior to that time; the other amounts claimed by defendant to have been paid are admitted, with some variations in dates. The questions in the case therefore arise upon the answer and the reply, and are as to the item of $1,050; the existence of the other note amounting to $620, and whether only $390 were actually paid of the $420 claimed by the defendant. The jury rendered a verdict, on February 16, 1903, for the plaintiff in the sum of $2,687.44, on which judgment was rendered thereafter, after the overruling of defendant's motion for new trial. This motion was for the following reasons: The verdict was contrary to law; errors of law occurring at the trial; the verdict was contrary to the first and second instructions of the court; error in giving instructions three and four on the court's own motion and number one asked by plaintiff; error in refusing the first and second instructions asked by defendant, and the verdict is excessive.

The first error urged in the brief is the last one. The allegations of the petition are that there are due on the notes $2,323.22 and ten per cent. interest from October 1, 1901. The first day of the term of court, at which the judgment was rendered, seems to have been February 16, 1903. The interest on $2,323.22, at ten per cent. per annum from October 1, 1901, to February 16, 1903, is $319.44, making the total $2,642.66. The verdict therefore is for the sum of $44.78 more than the amount alleged in the

pleadings, and the judgment should at least be reduced that amount.

The next complaint made in the brief is the refusal of instruction numbered one asked by defendant. This instruction told the jury that it was their province to decide upon the weight of testimony; that it was to be harmonized, so far as could be done, and, in case of conflict, the jury were to decide which to believe, giving the usual tests. This matter was fully covered by the second instruction offered by the defendant, which was given by the court, and the giving of this instruction would have been a mere repetition. Its refusal was not error.

The next complaint is the refusal of instruction numbered four asked by defendant. This is not mentioned in the motion for new trial. It seems to relate to allegations in the petition, and the issues in this case are altogether in the answer and reply.

The next complaint is of instruction numbered one given by the court on its own motion. No complaint is made of this in the motion for a new trial and there is no occasion to examine it. The same is true with regard to instruction numbered two given on the court's own motion.

Number three is complained of, in the motion for new trial, only on the ground that it fails to properly instruct the jury relative to the burden of proof. The instruction was that the burden of proof rests on the defendant to show that the defendant expended the $1,050 at plaintiff's request and on plaintiff's behalf; that on the defendant also rested the burden of proof to show that he paid the additional $30 which was denied by plaintiff, and that the burden rested upon the plaintiff to prove proper application of the $620 to the payment of another separate note, as claimed by him. We see no error in this instruction.

The next complaint is of the giving of instruction one offered by the plaintiff. This is complained of in the motion for new trial on the ground that there was no testimony as to a settlement. The instruction, in fact, told the

jury that, if they found that the claim of $1,050 had been settled and, under such settlement, the defendant gave his promissory note for $612 for a remainder due plaintiff, they should allow the defendant nothing on this $1,050 item. We see no error in this instruction. There was evidence that the whole $1,050 had been settled between the parties. Both Hall and his wife testified to such a settlement. The preponderance of the evidence seems to support the findings of the jury.

It is recommended that the defendant in error be allowed to remit from his judgment, within 20 days herefrom, the sum of $44.78, and, in the event of such remission, that judgment be affirmed for the sum of $2,642.66, and, in default thereof, that the judgment be reversed and the cause remanded for further proceedings according to law.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the defendant in error is allowed to remit from his judgment, within 20 days herefrom, the sum of $44.78, and in the event of such remission, judgment is affirmed for the sum of $2,642.66, and, in default thereof, the judgment will be reversed and the cause remanded for further proceedings according to law.

JUDGMENT ACCORDINGLY.