PLATNER LUMBER COMPANY, APPELLEE, V. ARTHUR THEODORE ET AL., APPELLEES: NELLIE C. DETWEILER, APPELLANT.

FILED MARCH 13, 1931. No, 27592.

*Weaver & Giller*, for appellant.

*Johnson, Rine & Marshall, David O. Matthews, Waldron, Silverman & Newkirk* and *DeLamatre & DeLamatre*, contra.

Heard before GOSS, C. J., DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This action involves the validity, amount and priority of liens on realty. Plaintiff sought foreclosure of a lien for material furnished for the erection of an apartment building on real estate located at 2940 Woolworth Avenue, in Omaha. Defendant M. A. Disbrow & Company sought foreclosure of a lien for material furnished for the same building. Defendant Detweiler sought foreclosure of a mortgage on the same premises, and asserted that her lien was superior to those of plaintiff and M. A. Disbrow & Company. Defendant Theodore, at the time the action was commenced, was the owner of the premises in controversy. Some time after the commencement of the action Isadore Shafer intervened and alleged that, by purchase at judicial sale, he had become the owner of Theodore's interest.

The validity of plaintiff's lien is assailed on the ground that it had negligently failed to give credit for payments made, and that, therefore, it should be denied any lien because it did not come into court with clean hands, but, in any event, that its lien should be reduced by the amount of $1,000 for payments made upon the account. The lien of M. A. Disbrow & Company is assailed because it was not filed in time, and because it includes an item of $1,350 for material which was not furnished for the particular

building. It is contended that this lien should be held invalid because of an attempt to include therein items not properly chargeable in the lien, and that, in any event, the amount of the lien should be decreased on account of items claimed that are alleged not to have been furnished for the particular building. The mortgage of defendant Detweiler is assailed as being usurious.

A trial of the issues resulted in a finding and decree for the plaintiff and defendant M. A. Disbrow & Company in the full amount of their respective liens. Defendant Detweiler's mortgage was held to be usurious and she was awarded a decree for the net amount of money loaned, less payments which had been made thereon. Her lien was decreed subject to the liens of plaintiff and M. A. Disbrow & Company. Defendant Detweiler alone appeals.

The record discloses that Arthur Theodore had constructed a number of apartment houses in Omaha, four of them on Dodge street and the building in question at 2940 Woolworth Avenue. The Dodge street apartments were first constructed and were nearly completed when the construction of the apartment building on Woolworth Avenue was begun. An oral agreement was entered into between Theodore and the plaintiff for the furnishing of lumber and material for the construction of the building at 2940 Woolworth Avenue. Plaintiff contends that the contract was for all material to be used in the building which was handled by plaintiff in its business. Theodore contends that materials were furnished at different times under separate and distinct contracts.

From an examination of the record, we are inclined to the view that the material was furnished pursuant to one general contract. Prior to the construction of the building, Theodore had placed a mortgage thereon, negotiated through the Peters Trust Company, the money to be advanced and used for the construction of the building. During the progress of the construction, Theodore gave to the plaintiff orders on the Peters Trust Company for money to be applied on the account. The orders were given to plaintiff in the following form: "Peters Trust Com-

pany. Pay to the order of Platner Bros. One Thousand & no/100 Dollars. Being for material furnished building 2940 Woolworth Ave." Plaintiff took these orders to the Peters Trust Company and received a check for the amount of each order. At the time these orders were received, Theodore was owing plaintiff on other accounts than for the Woolworth Avenue apartments. One of the orders, for $1,000, was credited upon those other accounts.

In *City of Lincoln v. Lincoln Street R. Co.*, 67 Neb. 469, it was held: "A creditor cannot divert a payment by his debtor from the appropriation made by him, upon mere equitable considerations that do not amount to an agreement between the parties giving the creditor a right to appropriate the payment otherwise than directed by the debtor, though mere equitable considerations may control where the payment is made without designating its application." In the body of the opinion it was said (p. 491) :

" 'The debtor may, at or before the time of payment, prescribe the application of such payment, and it is the duty of the creditor to so apply it.' 18 Am. & Eng. Ency. Law (1st ed.) 234.

" 'If the creditor receives money with a direction from the debtor to appropriate it to a particular debt, it must go to that debt, no matter what the creditor may say at the time; and an appropriation once made by the debtor cannot be changed by the creditor without the debtor's consent.' 18 Am. & Eng. Ency. Law (1st ed.) 235."

In *Davis v. Hall*, 70 Neb. 678, it was held: "The burden of proof is on defendant to establish payments, and on plaintiff to show that an admitted payment was properly applied on another debt."

In the instant case, the $1,000 which was not credited upon the Woolworth Avenue apartment account was clearly designated by Theodore as a payment upon that account. It should have been so applied. Therefore, the lien filed, and for which decree was entered below, was for $1,000 in excess of the amount to which plaintiff was entitled. When the check for $1,000 from the Peters Trust Company was received, it was not indicated thereon to what account it

should be applied. The bookkeeper was, under the circumstances, excusable for not applying it in accordance with Theodore's instructions. We find that the evidence does not sustain the charge that the payment was purposely misapplied and with intent to obtain a lien for a greater sum than plaintiff was entitled to. We find plaintiff's lien to be valid, less the $1,000 credit thereon.

Defendant Theodore contracted with M. A. Disbrow & Company for a considerable amount of millwork, used in the construction of the apartments on Dodge street. He also contracted with Disbrow & Company for millwork for the Woolworth Avenue apartments. It appears that Theodore had on hand, of his own, a large amount of millwork which he had previously acquired; that some of this was used in the Dodge street apartments and some of the millwork, furnished for the Dodge street apartments by Disbrow & Company, was not used thereon. Theodore owed a balance to Disbrow & Company on account of millwork furnished the Dodge street properties slightly in excess of $1,350. By agreement between Disbrow & Company and Theodore, some of the millwork furnished for the Dodge street apartments was removed by Theodore and used in the construction of the Woolworth Avenue building; and in the Disbrow lien is a charge for $1,350, not itemized, representing balance due on the Dodge street contract, and supposed to have been used in the Woolworth Avenue apartments. So far as the record discloses, no one knows how much or what particular items, furnished by Disbrow & Company for the Dodge street properties, was removed to and entered into the construction of the Woolworth Avenue apartments. In any event, so far as the record discloses, the millwork furnished for the Dodge street properties had been charged to and had become the property of Theodore.

Section 52-101, Comp. St. 1929, provides: "Any person who shall * * * furnish any material * * * for the construction * * * of any house, * * * by virtue of a contract or agreement, expressed or implied, with the owner thereof or his agents, shall have a lien to secure the pay-

ment of the same upon such house, * * * building or appurtenance and the lot of land upon which the same shall stand."

So far as the material represented by the charge of $1,350 is concerned, it was furnished by Disbrow & Company for the Dodge street properties. It was not furnished for the Woolworth Avenue apartments, and no lien can properly attach to the latter property for the material furnished for the construction of the Dodge street apartments. The lien awarded by the trial court to Disbrow & Company is excessive to the extent of this charge. With respect to the remainder of the lien, we conclude from the evidence that all of the other material was furnished pursuant to one general contract; that the Disbrow lien was filed within time, and that, by reason of the agreement entered into between Disbrow & Company and Theodore, there was no intent to fraudulently obtain an excessive lien. We conclude and find that the Disbrow lien is valid, except as to the $1,350 item.

During the time that the building on Woolworth Avenue was in process of construction and when nearly completed, Theodore went to John O. Detweiler to secure a loan of $10,000 on a second mortgage on the property. Detweiler agreed to procure the loan, but informed Theodore that it would be necessary for him to have some other person to whom the note and mortgage should run. Theodore procured one Chapman to accompany him to Detweiler's office, where a note and mortgage were drawn and executed on the 30th of November, 1925, to Chapman, who immediately thereafter assigned the same to defendant Nellie C. Detweiler, the wife of John O. Detweiler. The note was for $10,000 and provided that it should be paid at the rate of $200 on the first day of January, 1926, and on the first day of each month thereafter; that out of such payments should first be paid the accrued interest, and payments were to be credited on the principal only in the sum of $100 or multiple thereof.

It was agreed that $1,125 should be deducted from the principal as a commission, leaving $8,875 net, which Theo-

dore should receive. None of this amount was paid to Theodore at the time the note was executed, but it was paid to him subsequently in eight different instalments at times, ranging from five days to a month and fifteen days after the date of the note. The note provided that interest should be paid from its date on the full $10,000.

Calculation of monthly payments discloses that it would require 59 monthly payments of $200 each, and a sixtieth payment of $76.50 to discharge the note in full, according to its terms. The total amount of these payments would be $11,876.50. If we add to this the so-called commission of $1,125, it would make a total payment of $13,001.50, or $3,001.50 paid as interest. Calculation also discloses that the average term of the loan was just a trifle more than 32 months. It thus appears that the interest charge is in excess of 10 per cent., the maximum allowed by statute, without considering the time that interest was paid before the money was received by Theodore, and also without reference to the fact that, out of the monthly payments, an average of $44 or $45 a month would be retained by the holder of the note, without applying it on the principal until a credit of $100, or multiple thereof, could be made.

Clearly, the contract was usurious. The total amount received by Theodore on the loan was $8,875. The record discloses, without dispute, that $2,300 had been paid thereon. If the plea of usury is available as a defense in this action, then defendant Detweiler was entitled to a decree for $6,575, for which amount she was awarded a decree.

Defendant Detweiler asserts, however, that neither Theodore nor Shafer is in a position to raise the question; that Theodore cannot do so because all of his rights in the premises have been cut off by the judicial sale and vested in Shafer, and that he, therefore, has no interest in the question of the amount of lien on the premises; that Shafer cannot raise the question because the plea of usury is personal and can be raised only by the party to the contract or those in privity with him, and she contends that Shafer is not in privity with Theodore.

We need not consider the latter contention. At the time the action was begun and at the time defendant Detweiler filed her cross-petition, Theodore was the owner of the record title to the premises. Theodore executed the note and mortgage, and, if the property did not sell for sufficient to pay the entire Detweiler lien, he would be liable for a deficiency judgment. He, therefore, had an interest in protecting himself against this liability. Defendant Detweiler seeks to overcome this by striking from her cross-petition a prayer for a deficiency judgment, and by adding thereto, near the close of the trial, a statement that she waived any right to a deficiency judgment. This was not a waiver, but an offer to waive, which was not accepted by Theodore. Had Theodore elected to accept this waiver, it is possible that he might have precluded himself from setting up and relying on the defense of usury. He did not do so, but insisted upon usury as a defense. This he had a right to do.

We therefore reach the conclusion that the decree for defendant Detweiler should have been for the amount found by the trial court.

A rather feeble attempt is made to avoid the consequences of usury, upon the theory that defendant Detweiler is an innocent holder of the note and mortgage, for value, before maturity, without notice of defect. The record discloses unmistakably that her husband, John O. Detweiler, was acting for her; it was he who made the loan; he who advanced the money; he who received the payments; he was her agent; his knowledge was her knowledge. Under the record, she cannot be classed as an innocent holder for value, without notice.

One other question remains, as to the priority of liens. Defendant Detweiler insists that her mortgage should be decreed a lien superior to those in favor of plaintiff and M. A. Disbrow & Company. The record discloses that the contracts between plaintiff and Theodore and Disbrow & Company and Theodore for the furnishing of the material had been entered into prior to the date of the Detweiler mortgage, and that a large part of the material was fur-

nished prior to the giving of the Detweiler mortgage. Under the record, clearly the mortgage of defendant Detweiler was junior and subsequent to the liens of plaintiff and M. A. Disbrow & Company.

Plaintiff was entitled to a decree for a lien in the sum of $1,601.28, plus interest thereon at 7 per cent., commencing six months after the date of the last item, or from July 7, 1926, to the date the decree was entered, to wit, March 5, 1930. The amount for which decree should have been entered is $2,011.65, as of date March 5, 1930, with interest on that amount thereafter at 7 per cent.

Defendant M. A. Disbrow & Company was entitled to a lien for $406.20, together with interest thereon at 7 per cent. from six months after date of the last item, or from November 5, 1926, to date of the decree, to wit, March 5, 1930. The amount of the decree, as of date of March 5, 1930, is $499.80, to bear interest at the rate of 7 per cent. from the latter date. Each party will be required to pay his own costs in this court. The cause is remanded to the district court, with directions to modify its decree to conform to this opinion.

As modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.