Davᴵᴰ Dʀɪᴇᴛʜ, ᴘʟᴀɪɴᴛɪꜰꜰ ɪɴ ᴇʀʀᴏʀ, ᴠ. Iʀᴀ Dᴏʀᴍᴇʀ ᴇᴛ ᴀʟ.,
ᴅᴇꜰᴇɴᴅᴀɴᴛs ɪɴ ᴇʀʀᴏʀ.

27 N. W. 2d 843

Filed May 23, 1947.    No. 32195.

*Morrow, Lovell & Bulger,* for plaintiff in error.

*Atkins & Lyman,* for defendants in error.

Heard before Sɪᴍᴍᴏɴs, C. J., Pᴀɪɴᴇ, Cᴀʀᴛᴇʀ, Yᴇᴀɢᴇʀ, Cʜᴀᴘᴘᴇʟʟ, and Wᴇɴᴋᴇ, JJ., and Nᴜss, District Judge.

Yᴇᴀɢᴇʀ, J.

This is a proceeding in error from the district court for Scotts Bluff County, Nebraska, wherein David Drieth is plaintiff in error and Ira Dormer and Ione M. Dormer are defendants in error, to reverse a judgment finding plaintiff in error guilty of contempt of court

and imposing penalty therefor. The judgment was entered pursuant to an application filed in an action in said court wherein Ira Dormer and Ione M. Dormer were plaintiffs and David Drieth and Anna Drieth were defendants. This action will be later herein referred to and discussed.

For the purposes of this case the defendants in error will be referred to as plaintiffs and the plaintiff in error will be referred to as the defendant.

During all of the times herein in question plaintiffs were the owners as joint tenants of the northwest quarter of the southeast quarter of Section 34, Township 22, North, Range 53, West of the 6th Principal Meridian, in Scotts Bluff County, Nebraska, and the defendant was the owner of the east half of the southeast quarter of the said section of land.

In April 1943 plaintiffs instituted an action wherein David Drieth and Anna Drieth were made defendants and wherein they claimed title by adverse possession to a roadway extending from the east line of said Section 34 westerly a quarter of a mile across defendants' land approximately on the division line between the northeast quarter of the southeast quarter and the southeast quarter of the southeast quarter thereof, thence north for approximately 50 rods on defendants' line between the northeast quarter of the southeast quarter and plaintiffs' land. In the allegations the width of the road claimed was not described but in the prayer plaintiffs prayed for a road 25 feet in width. There were other issues presented and tried but it is not necessary to mention them herein. The defendants therein traversed the allegations of plaintiffs' petition and a trial was had on the issues joined.

Following the trial a decree was entered the pertinent part of which is the following:

"WHEREFORE IT IS CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendants be and they hereby are permanently enjoined from inter-

fering with or molesting in any way the plaintiffs use of said road and bridge above described; and that the easement for the use of said road is forever quieted in the plaintiffs and in the NW¼ of the SE¼ of said Section.

"And it is further ordered that the defendants are permanently enjoined from interfering with the bridge above referred to or the maintenance or repair of the road by the plaintiffs; and it is further ordered that that part of the road North of the lateral and extending West to the East line of the NW¼ of the SE¼ of said section is subject to the use of the defendants in their farming operations, including as a turn row, but that no part of said road running North from said lateral is subject to any use by the defendants; and it is further ordered that said road is appurtenant to the NW¼ of the SE¼ of said section."

From the decree the defendants therein, one of whom is the defendant herein, appealed to this court. The cause was heard here and an opinion rendered therein. It appears as Dormer v. Dreith, 145 Neb. 742, 18 N. W. 2d 94.

The following from the opinion is the only portion pertinent here:

"* * * the evidence does not justify granting an easement for a road over 20 feet in width, and the decree is hereby limited to this width, and no more.

"Finding no other errors in the record, the decree of the trial court is modified as to the width of the road, and affirmed."

On April 15, 1946, which was after the rendition of the opinion of this court and the issuance of the mandate thereon, the plaintiff Ira Dormer filed in the district court action what he terms an accusation against the defendant herein and Anna Drieth and Harold Drieth. In the accusation he charged that the defendant was guilty of contempt of court in that said defendant, Anna Drieth, and Harold Drieth, son of de-

fendant, knowingly, contumaciously, willfully, and contemptuously violated the decree of the district court as modified by the opinion and mandate of this court in the following particulars: (1) That on July 25, 1945, defendant and Harold Drieth stopped plaintiffs from maintaining and repairing the road by refusing to allow the plaintiffs and a surveyor to measure and determine the 20-foot width of the road; (2) that on August 9, 1945, Anna Drieth interfered with plaintiffs' use and maintenance of the east and west road by placing herself in front of a tractor pulling a grader which was being used for the purpose of maintaining the 20-foot roadway; (3) that defendant on August 10, 1945, interfered with the maintenance and repair of the east and west road by knocking down and pulling up surveyors' stakes on the north line thereof; (4) that from August 10 to September 8, 1945, the road was flooded which prevented the hauling of dirt onto the east and west road for repair and maintenance; (5) that on November 23, 1945, defendant and Harold Drieth stopped and forbade a road maintainer from leveling and maintaining the east and west road and forced the operator of a maintainer to leave the road and the premises; (6) that on March 23, 1946, Harold Drieth interfered with plaintiffs' use, repair, and maintenance by discing the entire length of the east and west road and approximately half of the north and south road; and (7) that defendant and Harold Drieth on divers dates trespassed with motor vehicles and farm equipment on the north and south road.

On the accusation an order to show cause was issued. Following rulings on motions to quash, which rulings were adverse to the accused persons, the defendant filed an answer. A trial was had on the accusation and the answer thereto in consequence of which defendant was found guilty of contempt and as punishment therefor he was ordered to pay damages in the amount of $300 and an additional $300 for attorney's fees and for costs

and expenses incurred for a survey and photographs, and the costs of the proceeding.

From this finding and judgment and the ruling on the motion to quash, the defendant has brought this action here by petition in error for review.

The assignments of error are numerous but in the light of the conclusion we have reached after an examination of the entire record we deem it unnecessary to discuss any of them except those which present the question of whether or not the accusation is sustained by the evidence and the matters incidental to the determination of that question.

As pointed out in that portion of the decree quoted herein plaintiffs were decreed to have title quieted in them to an easement for use of a road. The decree enjoined defendant from interference with maintenance and repair of the road. The use of the east and west portion of the road was subjected to use by the defendant in his farming operations. The north and south portion was not so subjected.

We say here that the decree could not have properly gone further in the grant of right to plaintiffs than to protect them in the reasonable use of the roadway as it was used over the period which gave them their prescriptive right. If the decree purported to go beyond that it was to that extent invalid and no rights flowed therefrom.

The rule as to the right of the dominant tenant with regard to an easement obtained by prescription is well stated in 28 C. J. S., Easements, § 74, p. 751, as follows: "Where an easement is acquired by prescription, the extent of the right is fixed and determined by the user in which it originated, or, as it is sometimes expressed, by the claim of the party using the easement and the acquiescence of the owner of the servient tenement."

In 17 Am. Jur., Easements, § 100, p. 997, the rule is stated as follows: "If an easement is acquired by prescription, the purpose for which the easement may

be used is limited by the user under which the easement was acquired. The presumption of a grant is afforded only because possession amounting to a continuous claim of title has been acquiesced in for a period necessary to give a prescriptive right. Therefore, the presumed grant can never extend further than the user in which the other party has acquiesced."

The following cases support the rule as it is stated in Corpus Juris Secundum and the American Law Reports: Allen v. Neff, 102 W. Va. 230, 135 S. E. 2, 50 A. L. R. 1293; Hawley v. McCabe, 117 Conn. 558, 169 A. 192; Burnham v. Burnham, 132 Me. 113, 167 A. 693; Ferguson v. Standley, 89 Mont. 489, 300 P. 245.

The following from 17 Am. Jur., Easements, § 101, p. 998, we think states correctly the rule applying to the rights of an owner over whose lands a private way has been acquired by prescription: "The creation of a private way does not take away from the owner of the land over which it passes any portion of the fee of the soil. Regardless of how acquired, a private way carries with it by implication only such incidents as are necessary to its reasonable enjoyment. The owner of the land has the right to use the way for any purpose whatever, provided he does not interfere with the right of passage resting in the owner of the easement. Hence, the grant of a right of way, which is not exclusive in its terms and which can be reasonably enjoyed without being exclusive, leaves in the grantor and his assigns the right of user in common with the grantee. The owner of the servient tenement may even sow crops on the right of way if such action does not interfere with the rights of the owner of the dominant tenement." See Dudgeon v. Bronson, 159 Ind. 562, 64 N. E. 910, 95 Am. S. R. 315; City of Bellevue v. Daly, 14 Idaho 545, 94 P. 1036, 15 L. R. A. N. S. 992; West Coast Power Co. v. Buttram, 54 Idaho 318, 31 P. 2d 687; Collins v. Alabama Power Co., 214 Ala. 643, 108 So. 868, 46 A. L. R. 1459.

If the decree of the district court or the opinion and

mandate of this court went beyond the determination of plaintiffs' prescriptive right to the use of this roadway it was to that extent invalid and unenforceable since it is clear that by the pleadings plaintiff asserted only a prescriptive right to the use of a roadway.

In Branz v. Hylton, 130 Neb. 385, 265 N. W. 16, it was said by quotation from 15 R. C. L., Judgments, § 328, p. 854: "It is also a general principle of law that a court cannot set itself in motion, nor has it power to decide questions except as presented by the parties in the pleadings. Anything that is decided beyond them is coram non judice and void. Therefore where a court enters a judgment or awards relief beyond the prayer of the complaint or the scope of its allegations the excessive relief is not merely irregular but is void for want of jurisdiction, and is open to collateral attack."

In Petersen v. Dethlefs, 139 Neb. 572, 298 N. W. 155, it was said: "A finding foreign to any pleading and not necessary to the relief grantable to any litigant in a case is contrary to the course of the law and the practice of the courts."

In the same opinion it was said:

"The following rule is in force in this state:

"'A judgment of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties and is foreign to the issues submitted for its determination, is a nullity.'" The quotation is from Lincoln Nat. Bank v. Virgin, 36 Neb. 735, 55 N. W. 218.

The question of whether or not the defendant was guilty of contempt of court must be determined from the facts as disclosed by the record and an application of these rules thereto.

The first charge is without any support in the evidence. The defendant did object to the survey, but on being told by the surveyor that he as surveyor had the right to make the survey there was no further interference.

The second charge was proved but the acts of plain-

tiffs' employee which were stopped and prevented were not permissible under the decree in the light of the facts and the legal principles announced. The thing which was prevented by defendant and his wife was the cutting of a shallow ditch to the north of the traveled way but within twenty feet of the south line of the way and through some beans that had been planted by the defendant. The purpose and design of the ditch was to fill in depressions in the road, to elevate the roadway, and to prevent irrigation waste water and rain water from flowing on and across the roadway into an irrigation lateral to the south.

There had been no similar ditching or raising of the roadway prior to this time, and this was the usual and natural direction of flow of water from the lands to the north. If plaintiffs had been permitted to accomplish their purpose water would have backed up on the lands of defendant to his damage. Plaintiffs acquired no such right through the use which ripened into the easement. Defendant in doing what he did was only insisting upon restriction to the condition which existed at all times while plaintiffs were acquiring their prescriptive right. What was done was not an interference with any proper right given to plaintiffs by the decree or the opinion and mandate of this court.

As to the third charge there is evidence that surveyors' stakes were knocked down but in this we find no contempt. They were set in defendant's field and for a purpose which by the evidence and our discussion of the second charge was foreign to any right of plaintiffs.

As to the fourth charge while it may be true that over the period mentioned plaintiffs were prevented from causing dirt to be hauled for the improvement and maintenance of the roadway still it cannot be said that defendant was guilty of contumacious conduct. Defendant had the right to irrigate his crops and to have the waste water flow naturally and in the usual course therefrom. If the way was too soft for use it was because of the flow

of waste irrigation water thereon in its natural and usual course. Plaintiffs' easement was clearly subject to this burden.

The fifth charge is not sustained by the evidence. There is evidence of complaint concerning maintenance but none that it was ever stopped or that any employee employed for that purpose was forced to leave the road or premises. The maintenance and leveling had been completed at the time complaint was made.

As to the sixth charge the evidence does not sustain the charge that the defendant did anything to interfere with the use, repair, or maintenance of the roadway. There is evidence that the used roadway showed marks of a disc but not to the extent of in any wise interfering with the use, maintenance, or repair thereof or of disturbing detrimentally its condition.

The facts sustain the seventh and last charge of the accusation but as has been made clear in the statement of legal principles herein these acts constituted no violation of the proper and valid provisions of the decree. As owner of the fee the defendant had the right to do the things complained of in this charge. He had the right to use it as the owner of the fee subject only to the easement for use as a roadway by the plaintiffs.

It is the opinion of this court therefore that the evidence fails to sustain the allegations of the accusation and that the judgment of the district court should be and is reversed.

REVERSED.

Nuss, District Judge, dissenting.