NATIONAL FIRE INSURANCE COMPANY, APPELLEE, V. LYLE
EVERTSON ET AL., APPELLANTS.

46 N. W. 2d 489

Filed February 22, 1951.   No. 32891.

*Ivan Van Steenberg,* and *Davis, Stubbs & Healey,* for appellants.

*Pilcher & Haney,* and *Torgeson, Halcomb & O'Brien,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This action involves an accident between a bus of plaintiff's insured, Burlington Transportation Company, and an automobile operated by the defendant Lyle Evertson and owned by the defendant Frank Evertson. Plaintiff paid the Burlington Transportation Company the sum of $5,083.74 to cover the cost of the repair of the bus under the terms of the collision insurance policy. This action is brought by the plaintiff against the defendants under the subrogation provisions of the policy to recover the amount paid. It also appears from the

record that defendants' insurer paid $5,000 to the Burlington Transportation Company in settling certain claims against the defendants. Plaintiff contends that it is entitled to a judgment for this amount as a matter of law. The trial court sustained plaintiff's position and directed a verdict for the plaintiff for $5,000 and accrued interest. Defendants appeal.

The record shows that on June 2, 1946, at about 11:30 p. m., a bus owned and operated by the Burlington Transportation Company and an automobile owned by the defendant Frank Evertson and operated by the defendant Lyle Evertson, the son of Frank Evertson, were involved in a collision on U. S. Highway No. 30 about one mile west of Dix, Nebraska. The evidence indicates that the automobile sideswiped the rear of the bus, causing it to leave the highway and overturn. The bus was seriously damaged and many of the passengers injured.

There is evidence in the record that the cost of repairing the bus was $6,083.74. The Burlington Transportation Company carried collision insurance with the plaintiff who paid $5,083.74 on the claim, the policy being a $1,000 deductible policy. This action was commenced by the plaintiff under the subrogation provisions of the policy to recover the amount from the defendants. The petition alleged that the collision was the result of the negligence of Lyle Evertson, the operator of the automobile. The answer was a general denial and a further allegation that the collision was occasioned by the negligence of the operator of the bus. Evidence upon these issues was presented to a jury. At the close of the evidence the trial court sustained plaintiff's motion for a directed verdict for $5,000 and entered judgment thereon.

The basis of the judgment in this amount was a purported agreement and release given by the Burlington Transportation Company to the State Farm Mutual Automobile Insurance Company, defendants' insurer, which purported to release defendants from all liability except

the item of damage to the bus in the amount of $5,083.74. In this connection we point out that the purported settlement between the Burlington Transportation Company and the State Farm Mutual Automobile Insurance Company, defendants' insurer, was neither pleaded nor any issue raised with reference thereto by the pleadings. Consequently, the pleadings do not sustain a judgment based on any payment made by defendants' insurer, or any right of the plaintiff to be subrogated to the rights of the Burlington Transportation Company because of such payment. This court has repeatedly held that a judgment must be supported by the pleadings and that no recovery can be had where there is a material variance between the pleadings and the proof. Luce v. Foster, 42 Neb. 818, 60 N. W. 1027; Kulhanek v. Kulhanek, 106 Neb. 595, 184 N. W. 139. In Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843, we stated the rule in the following language: " 'It is also a general principle of law that a court cannot set itself in motion, nor has it power to decide questions except as presented by the parties in the pleadings. Anything that is decided beyond them is coram non judice and void. Therefore where a court enters a judgment or awards relief beyond the prayer of the complaint or the scope of its allegations the excessive relief is not merely irregular but is void for want of jurisdiction, and is open to collateral attack.' "

The situation here existing is aptly expressed in a concurring opinion in the case of Pennock v. Newhouse Realty Co., 97 Utah 408, 93 P. 2d 482, wherein it was said: "The best pleading, the most definite and concise of which the facts reasonably admit, is none too good. Counsel is not responsible for and has no control over the facts, but the pleadings are his offspring, sired by his knowledge and damed by his ingenuity, and they should be his pride and joy. It is far better that such offspring die aborning than to live until charged with the duty of supporting a judgment, and then die an ignominious death upon the gallows of the appellate court."

There is a further reason why the judgment cannot be sustained. It is not supported by any competent evidence. The only evidence in the record of the settlement between the Burlington Transportation Company and defendants' insurer is an unsigned, undated carbon copy of such a claimed settlement and release. No foundation for its admission was laid, no one testifying to what it was or to facts which would render it competent as secondary evidence. It was erroneously admitted. The applicable rule is stated in Powell v. Anderson, 147 Neb. 872, 25 N. W. 2d 401: "An unsigned and unauthenticated copy of an order, produced from the files of a governmental agency, is secondary evidence which, of itself, raises no presumption that the original was in fact executed. The original order in this case was not accounted for, nor was there any proof of its actual issuance or execution. We conclude that the admission of exhibit 8 was error, prejudicial to the defendant."

The plaintiff attempted to cure the error in admitting the copy of the settlement and release by supplying the required evidence at the hearing on the motion for a new trial. This, of course, cannot be done. The correctness of the judgment must be determined on the evidence presented by the record at the time it was given. Facts not known, or facts known but not offered, are immaterial to the issues when the trial is completed. The remedy is to apply for a new trial. The judgment cannot be propped up by supporting evidence on the hearing of the motion for a new trial.

The judgment is not supported by the pleadings or the evidence. The judgment is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.