LOUIS MILLER ET AL., APPELLANTS, V. CITY OF SCOTTSBLUFF,
A MUNICIPAL CORPORATION, APPELLEE.

50 N. W. 2d 824

Filed January 11, 1952. No. 33080.

*Mothersead, Wright & Simmons,* for appellants.

*Jack E. Lyman* and *True R. Ferguson,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

By ordinance passed and approved July 5, 1949, the City of Scottsbluff, Nebraska, a municipal corporation, appropriated for the use of the city certain lands within the city belonging to Louis Miller and Pauline Miller. By the ordinance three freeholders were duly appointed appraisers to assess the damages caused by the appropriation. The appraiser duly made an appraisement and assessed the damages at $2,492.50.

From the award the Millers took an appeal to the district court. No pleadings were filed. A transcript containing a copy of the record of the appropriation or condemnation proceedings was filed as the basis of the appeal. A trial was had to a jury in the district court and the jury fixed the amount of the damages at $12,625. The Millers were given judgment for this amount.

The Millers asked interest on this amount from the

date of the appropriation. This was denied. The basis of the denial according to the journal entry of the court was a set-off for use of the property by the Millers from the date of appropriation until the trial which the court found to exceed the proper rate of interest on the award. In other words, interest was computed as requested by the Millers but the value of use was found to exceed the interest, hence there was no award or judgment for interest.

The appeal here is from the allowance of the set-off and the disallowance of interest on the award. The award itself is not under question on this appeal. For convenience the Millers will be hereinafter referred to as appellants and the city as appellee.

No bill of exceptions has come to this court. Pursuant to section 25-1140.01, R. R. S. 1943, appellants indicated their intention not to present a bill of exceptions and the appellee did not request one. The case therefore comes to this court on the transcript of the proceedings of the district court which includes the transcript which came to the district court, orders of the district court, certain instructions, the verdict of the jury, the judgment on the award, the further judgment on the matter of interest and set-off, and appellants' motion for new trial and to set aside judgment.

The appellants present certain assignments of error which depend for determination upon the factual situation as it was developed at the trial in the district court. These of course may not be considered here since as has been pointed out there is no bill of exceptions.

One of the grounds on which the appellants seek a reversal is in substance that set-off for use by the appellants after appropriation of their property by condemnation is not an issuable matter in an appeal to the district court from the award of appraisers. Another, again substantially, is, assuming that it may be an issuable matter if properly presented, that no such question was presented by any pleading or anything in the nature

of a pleading, hence the district court was without power to consider it as an issue and to make an adjudication thereon.

We conclude that it is not necessary in this case to pass upon the former of these two questions.

Reference to the record presented conclusively discloses that no such issue was presented to the district court on appeal by any pleading or anything in the nature of a pleading. . The only question presented was the amount of appellants' damages.

This court said in National Fire Ins. Co. v. Evertson, 153 Neb. 854, 46 N. W. 2d 489: "The action of a trial court in making findings of fact not pleaded and basing a judgment thereon is prejudicially erroneous." See, also, Luce v. Foster, 42 Neb. 818, 60 N. W. 1027; Kulhanek v. Kulhanek, 106 Neb. 595, 184 N. W. 139; Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843.

The verdict of the jury exceeded the award of the appraisers, hence appellants were entitled to interest on the amount allowed by the jury from the date of the appropriation. Sioux City R. R. Co. v. Brown, 13 Neb. 317, 14 N. W. 389, 14 N. W. 407; Kennedy v. Department of Roads and Irrigation, 150 Neb. 727, 35 N. W. 2d 781.

It therefore became the duty of the court after return of the verdict of the jury fixing the damages to compute the interest thereon from the date of the appropriation and to render judgment accordingly.

The judgment of the district court with respect to interest and set-off is reversed and the cause remanded with directions to compute the interest on the damages fixed by the verdict of the jury and to render judgment therefor in favor of appellants.

REVERSED AND REMANDED WITH DIRECTIONS.