NEILL D. INGERSLEW ET AL., APPELLANTS, V. COLBY
BARTHOLOMEW ET AL., APPELLEES.

346 N.W.2d 258

Filed March 23, 1984. No. 83-726.

Souchek & Kimble, for appellants.

Larry L. Brauer of Allan, Brauer & Mullally, for
appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS,
CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This case arises out of a controversy concerning a
common driveway between two residence properties
in Seward, Nebraska. The parties own adjacent lots
which were purchased from a common grantor. The
south 4.9 feet of the driveway is located on the plain-
tiffs' property. The north 9 feet of the driveway is
located on the defendants' property.

It is quite apparent that the record in this case is
incomplete. It is the responsibility of an appellant
to see that the record in this court contains all of the
matters which an appellant wants this court to con-
sider in deciding the case.

The case was submitted in district court on a stip-
ulation of facts. The stipulation recited that the
gravel driveway between the properties had been
used by the parties and the prior owner, Reinhardt
Mueller, for more than 10 years. In 1982 the defend-
ants erected a fence post on the east property line of
the parties, at or near the boundary line between the

properties. The plaintiffs commenced this action on November 12, 1982, to enjoin the defendants from interfering with their use of the driveway.

The petition alleged that the plaintiffs had acquired an easement by prescription for the use of that portion of the driveway located on the defendants' land. The trial court found that the defendants had acquired their property in 1978; the plaintiffs, in 1980; and there had been insufficient time to acquire an easement by prescription. The trial court dismissed the petition.

Upon appeal the plaintiffs have abandoned their claim of an easement by prescription, and now rely upon a theory of an implied grant and dedication.

The rule is well established that this court will not consider questions not presented to or passed on by the district court, and upon appeal will dispose of the case upon the theory on which it was tried in the district court. *Ford v. County of Perkins*, 190 Neb. 304, 207 N.W.2d 694 (1973).

There was a complete failure of proof as to an easement by prescription. The record supports the judgment of the district court, and it is affirmed.

AFFIRMED.