BEATRICE NATIONAL BANK & TRUST COMPANY, A NATIONAL BANKING CORPORATION, APPELLEE, V. MID-AMERICA DAIRYMEN, INC., A KANSAS CORPORATION, APPELLANT.

372 N.W.2d 99

Filed August 16, 1985.    No. 84-372.

Robert C. Guenzel and Gregory B. Bartels of Crosby, Guenzel, Davis, Kessner & Kuester, for appellant.

James G. Sharp of Everson, Noble, Wullschleger, Sutter, Sharp, Korslund & Willet, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a judgment of the district court for Gage County granting plaintiff Beatrice National Bank's motion for summary judgment against Mid-America Dairymen, a Kansas corporation.

A brief recitation of the facts elicited by affidavits and exhibits at the hearing on the motion is necessary to an understanding of the issues of the case.

Orville L. Parde granted to the appellee bank a security interest in farm equipment and farm products by virtue of a security agreement dated March 29, 1978, and of a continuation statement filed November 17, 1982. The principal farm product produced and sold by Parde was milk. The appellant, Mid-America Dairymen, purchases milk and did so from Parde at all times relevant to this case. Since "a person buying farm products from a person engaged in farming operations" does not take the product free of the security interest created by the seller, Neb. U.C.C. § 9-307(1) (Cum. Supp. 1984), Parde, Beatrice National Bank, and Mid-America Dairymen executed an agreement whereby Parde assigned to Beatrice National Bank certain of the proceeds from the sale of the milk, and the bank consented to the sale, thus waiving its security interest in the produce.

Apparently, payments were made in due course by Mid-America to the bank until January 1983 when Parde filed a petition in bankruptcy under Chapter 11 of the bankruptcy code and was appointed debtor in possession of the assets of the bankruptcy.

Though not set forth in the evidence, according to the affidavit presented by Mid-America, a demand letter was sent by the attorney for the debtor Parde that payments previously made to the bank be made to Parde. Parde, as a debtor in possession, had authority to make this demand to protect the assets of the estate. A debtor in possession has all the power of a

trustee and holds title to property as a fiduciary for creditors. *In re Brent Explorations, Inc.*, 31 Bankr. 745 (D. Colo. 1983); *Stein v. United Artists Corp.*, 691 F.2d 885 (9th Cir. 1982); 11 U.S.C. § 1107 (1982). Mid-America complied with the demand (though the evidence does not disclose the date or content), and notice of the suspension of payments was given to Beatrice National Bank. A total of $28,815.45 was paid by Mid-America to Parde.

Two issues present themselves for resolution. The first is whether by the execution of the assignment the bank waived its security interest in the milk sold after Mid-America terminated the agreement. The second question is one not squarely presented to the trial court, i.e., whether under 11 U.S.C. §§ 542 and 543 (1982) Mid-America was required to pay over the milk money to Parde as a debtor in possession of a bankrupt estate. We conclude that the consent of the bank to the sale of the milk product was conditioned on the continued payment by Mid-America and that the security interest followed the proceeds and the security remained attached to the proceeds.

As to the second question, we conclude that the matter was not decided by the trial court and must be remanded to the trial court.

Summary judgment is appropriate when there is no genuine issue as to any material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *Signor v. National Transp., Inc.*, 217 Neb. 667, 351 N.W.2d 58 (1984).

Neb. U.C.C. § 9-306 (Reissue 1980) provides in part:

(2) Except where this article otherwise provides, a security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.

Although argued by Mid-America to the contrary, it is obvious that the consent to the sale by Beatrice National Bank was conditioned on the payment of proceeds to the bank by Mid-America. To hold that, on breach by Mid-America, the

bank was bound by its consent and Mid-America was not would result in a travesty. The proceeds in the hands of Mid-America were subject to the security interest of the bank, since, as buyer, the payment was in its control. *First Nat. Bank, etc. v. Iowa Beef Processors*, 626 F.2d 764 (10th Cir. 1980).

Both parties cite 11 U.S.C. § 552(b) (1982):

> [I]f the debtor and a secured party enter into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable nonbankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

The cited portion is clear. The security interest is to be honored by the bankruptcy court unless, based on the equities, the court orders otherwise. The section is not helpful to the disposition of this case. Overlooked by both counsel are the provisions of §§ 542 and 543. In those sections, entities and custodians of property belonging to the debtor are commanded to deliver over such property to the trustee or, in the case of a Chapter 11 proceeding, to the debtor in possession. Claims of secured parties whose property is delivered to the trustee or debtor in possession are then presented to the bankruptcy court.

It is obvious that if either § 542 or § 543 applies, then Mid-America was required to pay over the proceeds of the milk sales to the debtor in possession, and any claims to the proceeds should have been presented to the bankruptcy court. Also overlooked by both parties are the provisions of 11 U.S.C. §§ 362 and 363 (1982). In § 362(a) the filing of a petition operates to automatically stay

> (3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

. . . .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

The term "lien" in § 362(a)(4) above is used to include any consensual security interest in personal property. This section is designed to protect the debtor against harassment and possible frustration of any rehabilitation by prejudicial disposition of assets of the estate before injunctive relief can be obtained. *Preferred Surfacing, Inc. v. Gwinnett Bank & Trust Co.*, 400 F. Supp. 280 (N.D. Ga. 1975).

The secured creditor is barred from a judicial action outside the bankruptcy court. Section 363(c)(2) states in part: "The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless— (A) each entity that has an interest in such cash collateral consents." There is a question of fact whether Beatrice National Bank consented.

If §§ 362 and 363 apply, Mid-America was correct in paying the proceeds to the debtor in possession. Any claim Beatrice National Bank may have had in the proceeds should have been presented to the bankruptcy court.

As there is no clear right to judgment as a matter of law in favor of the Beatrice National Bank, the motion for summary judgment was improperly granted, and the judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.