INOLA H. SMITH AND BENNETT G. HORNSTEIN, APPELLEES, V.
BAKER'S LOCAL NO. 433 WELFARE FUND, APPELLANT.
375 N.W.2d 922

Filed November 8, 1985.   No. 84-329.

LeRoy J. Sturgeon of Smith & Smith, for appellant.

Bennett G. Hornstein of Taylor, Hornstein, Peters & Kluver, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This is an action in the nature of interpleader and for a declaratory judgment to determine the rights to $6,629.70 which was a part of the proceeds of the settlement of a claim under the Workmen's Compensation Act by Inola H. Smith against Continental Baking Division of International Telephone & Telegraph Corporation (Continental) and its insurance carrier.

The action is similar to *United Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961), in which United commenced an action against Hills and Allstate Insurance Company to determine the rights to a part of the proceeds from the settlement of a claim against a party insured by Allstate arising out of an automobile accident. In that case we said: "The present action is one of interpleader. . . . The right to interplead and have the interests of the adverse parties determined in a fund held by a stakeholder is an equitable proceeding and will be so treated on appeal." *Id.* at 132, 109 N.W.2d at 177.

Smith was injured in May and June 1982 while employed by Continental as a sanitation employee. Her claim against Continental for workmen's compensation benefits was denied. Smith then made claim against Baker's Local No. 433 Welfare Fund (Fund) under its plan for hospitalization and medical care benefits. The Fund paid Smith $6,629.70 on her claims for health care benefits.

On October 25, 1982, Smith consulted Bennett G. Hornstein, a lawyer practicing in Omaha, Nebraska, concerning her claim against Continental under the compensation law. Hornstein advised Smith that she had a legally arguable claim. She then entered into a contingent fee agreement with Hornstein in which Smith agreed to pay him 33 1/3 percent of any benefits recovered.

On October 27, 1982, Hornstein advised Bernard Clausen, the Fund's managing agent and trustee in Sioux City, Iowa, that a suit was being filed against Continental which would include the Fund's "equitable subrogation claim" for Smith's medical bills which had been paid by the Fund. The petition alleges that Clausen "acquiesced in this action" but made no effort to join or otherwise assist in the litigation.

On January 19, 1983, 2 days before the compensation suit was to go to trial, the parties entered into a settlement which the petition alleges included the Fund's "medical expense subrogation claim" in the full amount of $6,629.70. Hornstein demanded that the Fund pay one-third of that amount to him. The Fund refused and claimed that Smith had secured payment of her medical bills by the Fund "illegally" because she was entitled to workmen's compensation benefits.

On May 3, 1983, Hornstein received a check from Continental's insurance carrier in the amount of $6,629.70 payable to Hornstein, Smith, and the Fund. This action was commenced on November 10, 1983, by Smith and Hornstein against the Fund for a judgment declaring that Hornstein and Smith have no liability to the Fund except for two-thirds of the "subrogated amount" of $6,629.70 after Hornstein retains one-third of the amount as an attorney fee.

The defendant Fund filed an answer and counterclaim alleging that Smith was not entitled to the benefits she had

received from the Fund. The plan excludes payment of benefits for any injury or sickness for which a member is entitled to receive workmen's compensation benefits. The defendant further alleged that it had made demand upon Smith for repayment of the benefits she had received from the Fund but that she had refused to make repayment. The defendant denied that it had employed Hornstein or requested any professional service from him. The defendant prayed for judgment against Smith and Hornstein for the $6,629.70 or for judgment against Smith for any part of the $6,629.70 it did not recover from Hornstein.

On March 8, 1984, the plaintiffs filed a motion for summary judgment. The motion was heard on the pleadings and two affidavits filed by the plaintiffs. The plaintiffs' affidavits merely restated the facts alleged in the petition. The defendant filed no affidavits and made no countershowing. The trial court found that Hornstein was entitled to one-third of the $6,629.70, with interest and costs, and that the defendant was entitled to the remaining balance "as its net subrogation recovery." The defendant Fund has appealed.

A party is entitled to summary judgment if the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact, that the ultimate inferences to be drawn from those facts are clear, and that the moving party is entitled to judgment as a matter of law. *Beatrice Nat. Bank v. Mid-America Dairymen*, 220 Neb. 757, 372 N.W.2d 99 (1985).

The record presents no issues of fact at this time, but it does not sustain the judgment entered by the district court. The Fund was not subrogated to any of the proceeds of the settlement of Smith's compensation claim because it did not discharge any debt due Smith under the compensation law. The payments which the Fund made to Smith were in satisfaction of health care benefits it assumed Smith was entitled to as a member of the union. The Fund does not claim otherwise. In its brief the Fund characterizes itself as *a creditor of Smith for restitution of a payment made in error*.

The money which is the subject of this action is the result of the settlement of a disputed claim. It has never been adjudicated

whether Smith was entitled to recover anything from Continental under the compensation law. Also, it has not been adjudicated whether the Fund is entitled to recover any of the payments it made to Smith which it now alleges were made by mistake.

Upon the record now before us, Hornstein is entitled to one-third of the $6,629.70 pursuant to his contract with Smith. The balance of the proceeds of the settlement of the compensation claim belongs to Smith. The Fund has no interest in the proceeds from the settlement of Smith's claim under the compensation law.

The judgment is reversed and the cause remanded with directions to enter a judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

KRIVOSHA, C.J., dissenting.

I regret that I must respectfully dissent from the majority opinion in this case. I do so not so much because I take issue with the result reached by the majority but because I believe that the route taken by the majority to reach that result is inappropriate and, if left alone, may lead others into believing the procedures set out in the majority opinion are appropriate or that the rules suggested are valid.

To begin with, the majority opinion recites:

> This is an action in the nature of *interpleader* and for a declaratory judgment to determine the rights to $6,629.70 which was a part of the proceeds of the settlement of a claim under the Workmen's Compensation Act by Inola H. Smith against Continental Baking Division of International Telephone & Telegraph Corporation (Continental) and its insurance carrier.

(Emphasis supplied.) While it is true that the plaintiffs alleged that this was an action for interpleader brought pursuant to the provisions of Neb. Rev. Stat. § 25-325 (Reissue 1979), in fact neither the statute nor the law of this jurisdiction would permit interpleader under the facts of this case. The plaintiffs were not only in error when they alleged that the moneys received from the Fund were "subrogated" funds but, as well, when they alleged this was an interpleader.

The majority notes that this action is similar to *United*

*Services Automobile Assn. v. Hills*, 172 Neb. 128, 109 N.W.2d 174 (1961). While it is true that this is similar, there is a material and substantial difference. In the *Hills* case, *supra*, the interpleader was filed by the paying carrier, Allstate Insurance Company, which made no claim to any of the money. In the instant action the "interpleader" was filed by the plaintiffs, who claimed an interest in one-third of the money. Under Nebraska law a plaintiff who claims an interest in the money cannot file an interpleader. See § 25-325. In *Strasser v. Commercial Nat. Bank*, 157 Neb. 570, 572-73, 60 N.W.2d 672, 674 (1953), we said:

> [T]he four required elements of the right to interplead . . . [are]: "(1) The same thing, debt or duty, must be claimed by both or all of the parties against whom the relief is demanded. (2) All their adverse titles or claims must be dependent, or be derived from a common source. (3) The person asking the relief—the plaintiff—*must not have nor claim any interest in the subject-matter*. (4) He must have incurred no independent liability to either of the claimants; that is, he must stand perfectly indifferent between them, in the position merely of a stakeholder."

(Emphasis supplied.) Further, in *Strasser, supra* at 575, 60 N.W.2d at 675:

> Interpleader, although authorized by statute, is an equitable remedy whereby a disinterested stakeholder in possession of property claimed by two or more persons may require them to litigate the claims of each without embroiling him in the controversy. . . . It is a remedy for an innocent stakeholder who has no liability to any claimant of the property who is and has been perfectly indifferent and completely impartial between them.

See, also, *Provident Savings & Loan Ass'n v. Booth*, 138 Neb. 424, 293 N.W. 293 (1940).

Regardless of what the plaintiffs may have alleged, this was not an interpleader and was only an action for declaratory judgment. Neither Smith nor Hornstein was a disinterested stakeholder. Instead, they were persons in possession of a check which they could not endorse and in which they claimed an interest.

Recognizing, then, that this was an action for declaratory judgment and not interpleader, we have the strange situation in which the majority opinion in effect holds that because the plaintiffs did not seek all of the relief to which they were entitled, they are not entitled to retain the summary judgment which was granted. The majority maintains that while the record before us presents no issue of fact, it does not sustain the judgment entered by the district court. That conclusion apparently is based upon a notion that Smith was entitled to more relief than she asked for under her declaratory judgment.

In the petition filed by Smith and Hornstein, their prayer asks that the court declare that Hornstein and Smith have no legal liability to the defendant "except the 66-$\frac{2}{3}$% of the subrogated amount of $6,629.70 remaining after Hornstein retains 33-$\frac{1}{3}$% thereof as an attorney fee for his sole efforts in recovering defendant's subrogation claim." While Hornstein and Smith were probably wrong in alleging that any amount was due and owing as a "subrogated claim," they, nevertheless, pleaded the action in that manner and sought a declaration that they owed the Fund two-thirds of the amount recovered. Even if this money did not constitute a "subrogated claim," for the reasons noted by the majority, nevertheless the rule is well established that this court will not consider questions not presented to or passed on by the district court and upon appeal will dispose of the case upon the theory in which it was tried in the district court. See, *Ingerslew v. Bartholomew*, 216 Neb. 836, 346 N.W.2d 258 (1984); *Lincoln Grain v. Coopers & Lybrand*, 216 Neb. 433, 345 N.W.2d 300 (1984).

Our judgment in this case exceeds any relief sought by the plaintiffs and is beyond the pleadings. Had the trial court entered a judgment similar to that which we now enter on appeal, I believe we would have been compelled to reverse the action of the trial court on the basis that the relief exceeded the prayer. It has generally been the rule in this jurisdiction that one may not obtain relief greater than that which is sought by the pleadings. See *Davis v. Hall*, 70 Neb. 678, 97 N.W. 1023 (1904).

> " 'It is also a general principle of law that a court cannot set itself in motion, nor has it power to decide questions except as presented by the parties in the pleadings.

Anything that is decided beyond them is coram non judice and void. Therefore where a court enters a judgment or awards relief beyond the prayer of the complaint or the scope of its allegations the excessive relief is not merely irregular but is void for want of jurisdiction, and is open to collateral attack.' "

*National Fire Ins. Co. v. Evertson*, 153 Neb. 854, 856, 46 N.W.2d 489, 491 (1951). See, also, *Drieth v. Dormer*, 148 Neb. 422, 27 N.W.2d 843 (1947).

The majority further asserts that "it has not been adjudicated whether the Fund is entitled to recover any of the payments it made to Smith which it now alleges were made by mistake." My difficulty with that conclusion is the fact that the Fund filed a counterclaim seeking to recover the payments it made to Smith, which request the district court denied. While the Fund appealed from that judgment, it neither assigned as error the fact that the district court found against the Fund on its counterclaim nor did it argue that matter in its brief. Having failed to assign the error and argue it in the brief, this court should not consider the issue, see, *Lincoln Co. Sheriff's Emp. Assn. v. Co. of Lincoln*, 216 Neb. 274, 343 N.W.2d 735 (1984), and *Cockle v. Cockle*, 204 Neb. 88, 281 N.W.2d 392 (1979), and the judgment of the district court in dismissing the Fund's counterclaim should be considered as a final and binding judgment on the issue. As such, the judgment entered by the district court is res judicata to any other action which might be brought by the Fund in the future. As we noted in *Norlanco, Inc. v. County of Madison*, 186 Neb. 100, 106, 181 N.W.2d 119, 123 (1970):

"The phase of the doctrine of res judicata precluding subsequent litigation of the same cause of action is much broader in its application than a determination of the questions involved in the prior action; the conclusiveness of the judgment in such case extends not only to matters actually determined, but also to other matters which could properly have been raised and determined therein. The rule applies to every question relevant to and falling within the purview of the original action, in respect to matters of both claim or grounds of recovery, and defense, which

could have been presented by the exercise of diligence." See, also, *Caradori v. Hamilton*, 193 Neb. 500, 227 N.W.2d 850 (1975).

This is a difficult case, made more difficult by reason of the pleadings and what appear to be erroneous theories pleaded by the plaintiffs. I am afraid our judgment herein does little to relieve those problems. I would have affirmed the judgment of the district court.