# CHARLESTON

MITCHELL v. BOWMAN *et al.*

Submitted June 10, 1914.   Decided June 16, 1914.

1. EASEMENTS—*Right of Way—Prescription.*

   One who for ten years or more continuously travels a defined way over the lands of another, with the knowledge of the owner, but without the owner's permission, interruption, or denial of the use, acquires the way by prescription.   (p. 499).

2. SAME—*Right of Way—Obstruction by Gates.*

   A way of passage from a public road to a farm, over intervening agricultural lands, acquired by prescriptive use while the servient lands were unenclosed and unimproved, may be properly subjected to gates not unreasonably established and maintained, whenever the owners of the servient lands find it desirable to enclose the same for proper and ordinary use.   (p. 499).

Appeal from Circuit Court, Lincoln County.

Suit by John J. Mitchell against Samuel Bowman and others.   Decree for plaintiff, and defendants appeal.

*Reversed.   Decree here.*

*A. F. Morris,* for appellants.

ROBINSON, JUDGE:

This is a suit by Mitchell to compel Bowman and Riddle to keep open a way which he claims to have acquired through their lands by prescription.   The decree appealed from grants the relief for which Mitchell asked.   It adjudges that he is entitled  to a free and open way, unobstructed in any manner.

The lands over which the way is claimed were unenclosed woodlands when Mitchell began using the way, and so continued for many years during his use of it.   Over these lands, by an old track that had originally been hacked out for the hauling of hoop-poles, Mitchell passed back and forth without objection from the owners.   When the time came that the use of the servient lands for agricultural purposes was desirable, Bowman enclosed his tract and maintained gates across the way used by Mitchell.   For six years prior to the

institution of this suit, Mitchell. traveled the way through the gates without protest or objection. A part of this time the gates were kept locked, and Mitchell carried a key furnished by Bowman. But contention arose between Mitchell and Bowman about another matter, and then Mitchell claimed that he had a right to an open road through the lands. Thereupon Bowman denied Mitchell right to pass at all over the tract owned by the former. This suit soon thereafter followed. Riddle at no time or in any manner deprived Mitchell of the use of the way. As a party to the suit, however, he denies and resists Mitchell's claim to right of way over the lands.

(1) The evidence fully establishes that Mitchell is entitled by long prescriptive use to pass over the lands of Bowman and Riddle in going to and from his own land. But, as to prescriptive right in relation to the lands no more than this is established. Mitchell traveled the way for many, many years without interruption or even denial of his right to do so on the part of those over whose lands he passed. No evidence of his doing this under mere license or permission appears. "A private right of way by prescription may be acquired over another's land by visible, continuous and uninterrupted use thereof for ten years, under *bona fide* claim of right, with. the acquiescence of the owner." *Walton* v. *Knight*, 62 W. Va. 223. "A presumption that the use was under a claim of right and adverse arises from an undisputed use of the easement for the established period of prescription; and the burden is upon the party alleging that the use has been by virtue of a license or permission to prove that fact by affirmative evidence." Jones on Easements, sec. 186.

It does not matter that Mitchell had another, equally accessible way to go in and out from his land. All the testimony on this line is immaterial. Did his long, uninterrupted use of this particular way give him prescriptive right to it? We have already answered in the affirmative.

(2) The material controversy raised by the cause is whether Mitchell is entitled to an open road. May gates be maintained by the owners of the servient lands across the way of passage that Mitchell acquired by prescription? To

this question we must give somewhat extended consideration. Discussion of some other, untenable points may well be omitted.

Mitchell's claim of right, as evidenced and established by his user of the lands of Bowman and Riddle, was to pass over unenclosed and unimproved lands. His acts for a long period of time established his claim to right of passage by a defined path or way. But within those acts there was nothing to indicate a claim to a way excluding the servient owners of the soil traversed by the way from dominion thereover except as interfered with by the travel thereon. Indeed those acts, in the light of the circumstances attending them, are consistent only with a claim to pass over the land without other interference with the rights of the servient owners. No exclusion of the servient owners from the soil traversed was claimed by Mitchell, either by words, acts, or any use that he made of the way. It was otherwise in *Rogerson* v. *Shepherd*, 33 W. Va. 307. There the claim of way was defined by fences excluding the owner of the land over which it was claimed. The claim was one of passage by a fenced road. So the prescription ran. But in this case the prescription ran and vested into right of passage with very different circumstances and conditions defining it. Those circumstances and conditions gave out no notice that an exclusive road was claimed. They implied no more than a right of passage over the lands without further changing the rights of the owners in the use or adaptability of the lands. True, during the period of the use out of which the prescriptive right vested in Mitchell, he used the way unobstructed by gates. But all during that time the lands were unenclosed, unimproved, outlying mountain lands. That circumstance materially modifies the meaning of his use without gates. There was no necessity for gates. The condition of the property during the time, simply called for the open use that he made. Still it is not reasonable to say that under the circumstances surrounding such use there was implied by it a claim that when the owners enclosed the lands for the agricultural purposes to which the same were naturally to be adapted in the growth and development of the country, Mitchell was to have right of passage by a lane splitting the lands or without the gates

which a proper use of the lands in the hands of the owners would then demand. He did nothing by his use of the way to make such claim. His use of the way implied no such right, and vested none such in him. It did imply however that which was consistent with his claim by the particular use he made, that the owners of the land notwithstanding the right of passage would make the use of the lands that their location and adaptability naturally called for as time went on. In other words, his use merely implied what it actually involved, right of passage subject to the rights of the owners to enclose their lands. He might have so exercised the use as to imply exclusion of the owners from part of their soil or the division of the lands by a lane, and by prescription have obtained a more extended right, but he did not. His adverse use, under the circumstances and conditions, did not go that far. If it had, the land owners might have objected. We can only hold them bound by such use as the acts of Mitchell gave them notice of, when considered in the light of circumstances and conditions surrounding those acts. Mitchell in reason knew that the owners would have the right to enclose their lands at any time and thus slightly to obstruct the way that he was using. Yet, his passing over the uninclosed lands indicated no claim inconsistent with that right on their part. What he obtained by prescription therefore was the mere right of passage over the lands in whatever state or condition the owners saw fit to make of the same. For, he never at any time said or did that which indicated or gave notice to the owners that he was claiming such a way out that their lands must always be left unenclosed or a road be fenced through the lands for him. Prescription can vest no more than what was reasonably implied by the circumstances of the use on which it is based. As to the extent of a right by prescription, strict construction applies. Washburn on Easements, (4th ed.), 136.

As we have seen, there was nothing in the circumstances under which Mitchell acquired a way over the lands of Bowman and Riddle which shows that the way was always to be an open one. He did nothing to assert a claim of open way. He merely asserted a right of passage over the lands as used by the owners, not to their exclusion from use of

the soil. Then, when ordinary uses of the lands by the owners demanded enclosure of the same by fences, the right of passage in the very nature of things was through the fences by the reasonable and ordinary method of gates. Mitchell evidently so construed his right even after it had vested by prescription. For six years he traveled through gates the way that he had acquired. This might not bind him to a giving up of what he had obtained theretofore by prescription, but it is nevertheless indicative of what he did in fact so obtain.

Applicable in this case is the following: ''The rule is general that the land owner may put gates and bars across a way over his land, which another is entitled to enjoy, unless, of course, there is something in the instrument creating the way, or in the circumstances under which it has been acquired or used, which shows that the way is to be an open one. The easement of way is for passage only. The land remains the property of the owner of the servient estate and he is entitled to use it for any purpose that does not interefere with the easement.'' Jones on Easements, sec. 407.

In *Hartman* v. *Frick,* 167 Pa. 18, the circumstances were similar to those in this case. The right of way had been acquired by prescription. It was one for ordinary agricultural and farm purposes. When it was acquired by use the land was unenclosed woodland. Long thereafter, when the land came to be used for cultivation and pasturage, gates were erected across the way. The court said: ''The easement was only for passage. The land remained the property of the plaintiff and he had a right to use it for any purpose that did not interfere with the easement. To do this it might be necessary under some circumstances to inclose the way with the field over which it passes, and if this is done with a reasonable regard to the convenience of the owner of the easement it affords him no just ground for complaint.''

In *Ames* v. *Shaw,* 82 Me. 379, it was held: ''A way for agricultural purposes, whether created by grant or adverse use, may be properly subjected to gates and bars not unreasonably established.'' There the way, as in this case, extended from a highway to a farm. In the course of the opinion. the court said: ''It is true that a way gained by adverse

use gives rights commensurate with the adverse use, but if the use be for agricultural purposes only, then the way becomes a way for that use, a use to be exercised in a reasonable manner; and a reasonable use of a way for agricultural purposes, whether created by grant or adverse user, may properly be subjected to gates and bars not unreasonably established. The way may be gained without being so obstructed at all, but it is nevertheless a way for a particular use, and in the enjoyment of that use, unreasonable obstructions only are prohibited. The nature of the easement gained determines its character, and not the particular manner of the use that created the right."

The decree is erroneous in ordering a removal of the gates and in virtually adjudging to Mitchell an open road through the lands. It will be reversed. The decree that the court below should have entered will be entered here. That decree will vouch to Mitchell the right of passage through the lands of Bowman and Riddle that he acquired by prescription, to be enjoyed by him however through unlocked but securely latched gates where the way crosses fences maintained for proper and reasonable enclosures of the lands by the servient owners.

*Reversed.    Decree here.*