# CHARLESTON.

C. L. ALLEN v. C. M. NEFF AND W. FOREST WILLIAMS

(No. 5608)

Submitted September 14, 1926. Decided September 28, 1926.

EASEMENTS—*Person Having Use of Passway Over Another's Land Does Not Lose Right by Obtaining Permission to Widen and Use it as Wagon Road; Use of Passway Over Another's Land as Wagon Road by Special Permission Does Not Enlarge Original Easement.*

One vested with the use of a passway over the land of another, will not lose such right by obtaining permission from

the owner of the servient estate to widen and use the way as a wagon road. But the use as a wagon road, being permissive, does not enlarge the original easement.

(Easements, 19 C. J. §§ 165, 165 [Anno], 201 [Anno].)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Appeal from Circuit Court, Summers County.

Suit by C. L. Allen against C. M. Neff and another for an injunction. From a judgment for complainant, defendants appeal.

*Modified and affirmed.*

*Thomas N. Read* and *Thos. Leigh Read,* for appellants.

*T. G. Mann,* for appellee.

HATCHER, JUDGE:

This is an appeal from a decree of the circuit court of Summers County, enjoining the defendants from obstructing a roadway across a tract of land belonging to defendant C. M. Neff.

The bill charges that defendant Williams obstructed the road and that Williams "claims to have leased the lands from the said C. M. Neff". There is no allegation in the bill connecting Neff in any way with the obstruction. It does not aver that Neff counselled, directed, aided, knew of or ratified the obstruction. The bare allegation that Williams claimed to be the tenant of Neff is not sufficient to support a cause of action against Neff. Complaint is made that the dominant estate is owned jointly by Allen and his wife, and that the wife is a necessary party to the suit. The bill alleges that plaintiff Allen is "the owner of a tract of 65½ acres", etc. Under this allegation which is taken as true on a demurrer, the wife is not a proper party. Besides, anyone who suffers special injury from an obstruction of a roadway may seek equitable relief. *Briers* v. *Alderson,* 101 W. Va. 662, 133 S. E. 373. The bill, when benignly construed in favor of demurree, sufficiently describes the roadway and the easement. 19 C. J. p. 1001, par. 267.

The evidence establishes the following facts: C. M. Neff has owned for many years a tract of land in Summers County, through which runs the Wolf Creek public road. In 1899 plaintiff C. L. Allen and wife purchased from Warren Fox a tract adjoining and back of the Neff land. Fox had used a pathway across the Neff tract to the public road, continuously, for at least fifteen years prior to the sale to Allen, "As a haulway to haul wood out of there, haul logs, go to mill and go to the store, as a near way". The path commenced at the Neff school house on the Wolf Creek road and extended for about two hundred yards up a hollow known locally as the "Fox Hollow", to the Allen tract. Allen says of this pass-way: "There was a regular walking, riding, and logging way there, but not a regular wagon way, it was not wide enough in some places for wagons". Allen used the path to haul logs, and as a general passway, from 1899 until 1905. The evidence shows no permission, interruption, or denial by Neff of the use of the way made by Fox and Allen respectively. In 1905, permission was obtained for Allen from W. W. Williams, then a tenant of Neff, to widen the path so that it would accommodate wagons. Since then, Allen has used the way continuously as a wagon road. About May, 1925, dissension arose between Allen and Forest Williams, then tenant of Neff, and Williams, without consulting Neff, obstructed the roadway so that Allen could not use it.

From the evidence it clearly appears that the use made of the path down the "Fox Hollow", for more than twenty years prior to 1905, by Allen and his predecessor in title, was an adverse use, and that Allen had an absolute right to use the path across Neff's land in 1905 as "a regular walking, riding, and logging way". *Mitchell* v. *Bowman*, 74 W. Va. 498; *Hawkins* v. *Conner*, 75 W. Va. 220. "To establish a right of way under the modern law, it must appear that it has been exercised for the statutory period, with the acquiescence of the owner over whose land the way is claimed. True, such user, without more, is taken to be with his acquiescence and knowledge, and prima facie gives the right". *Woolridge* v. *Coughlin*, 46 W. Va. 345 (348). It is equally clear that since

that date Allen's use of the way as a wagon road has been permissive. He has therefore obtained no greater rights in the way than he had in 1905. *Bartrug* v. *Edgell,* 80 W. Va. 220. He is not entitled to the use of a greater width of passway than he used in 1905. 19 C. J. 967; *Foreman* v. *Greenburg,* 88 W. Va. 376. "If the right to the way depends solely upon user, then the width of the way or the extent of servitude is measured by the character of the user, for the easement cannot be broader than the user". Elliot, Roads and Streets, par. 193.

The only question open to inquiry is, did Allen lose the easement he had acquired in 1905, by obtaining permission from W. W. Williams to widen and use the path as a wagon road? Under our decisions the right which Allen had acquired to the use of the pathway in 1905 was a vested freehold estate in land. It is settled law in this state that one cannot lose vested title to land by oral admission that it is the property of another; disclaimer of a freehold can only be by deed or in a court of record. *High* v. *Pancake,* 42 W. Va. 607; *Waldron* v. *Harvey,* 54 W. Va. 608; *Crawford* v. *Workman,* 64 W. Va. 14. This court has never applied that rule to an easement. But we see no reason why the principle is not just as applicable to easements as it is to any other freehold interest in land. A case in point is *Tracy* v. *Atherton,* 36 Vt. 503, which holds: "A right of way having become established by adverse use, will not be divested by an application for, and obtaining of a license to use it from the other party". In its opinion the Vermont Court makes the same application of legal principles that we make here: "The right of the defendants then was the same as if they actually held a conveyance of the right from the plaintiff. In such case it would seem singular that a parol admission of the plaintiff's right, or rather the defendants' want of right, should operate really as a reconveyance of a vested legal right in realty, which cannot be conveyed by parol". Other authorities supporting this ruling are *Kana* v. *Bolton,* 36 N. J. Eq. 21; *Strong* v. *Baldwin,* 154 Cal. 150; Jones on Easements, par. 289; 19 C. J. p. 949, par. 165.

Neither the averment nor the proof makes a case against Neff, and the bill will be dismissed as to him.

The injunction of the lower court will be modified to restrain defendant Williams from obstructing the passway to such an extent that it will interfere in any way with the right of Allen to use it as a "regular walking, riding, and logging way". As so modified, the judgment of the lower court as to Williams is affirmed.

*Modified and affirmed.*