NORA LOUGHMAN, appellee, v. LEO COUCHMAN et ux., appellants.

No. 48044.

(Reported in 53 N.W.2d 286)

MAY 6, 1952.

Stuart & Stuart, of Chariton, for appellants.

Harry F. Garrett, Thomas S. Bown, and Elton A. Johnston, all of Corydon, for appellee.

GARFIELD, J.—After our decision in Loughman v. Couchman, 242 Iowa 885, 47 N.W.2d 152, plaintiff, Mrs. Loughman, petitioned ·the district court for a new trial on the ground of "Material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial * * *" as provided by rule 252(f), R. C. P. The court heard the newly discovered ·evidence from the new witness and testimony of two of plaintiff's attorneys upon the issue of reasonable diligence and granted the new trial. Defendants have appealed from such order pursuant to rule 331(a), R. C. P., as amended January 26, 1951.

Plaintiff's action was in equity to establish an easement in a sewer drain from her home onto defendants' adjoining farm and to enjoin defendants from interference therewith. Upon the former appeal we held plaintiff had an easement by prescription in the drain appurtenant to her property but not to the property owned by Miller, who purchased his lot from plaintiff, and plaintiff was granted an injunction against obstruction of the drain provided it was not used for sewage from the Miller property.

The newly discovered evidence is that of Mrs. Campbell, a daughter of Loren Johnston, who sold to plaintiff's husband in 1912 the ground now owned by plaintiff and that sold by her to Miller in 1948 as a home-site. At the hearing on the petition for new trial Mrs. Campbell testified in substance she lived at home when her father sold the ground to Mr. Loughman and heard her father tell Loughman to make the sewer big enough to take care of sewage from his own property and from a house which might be built north of the Loughman house (where Miller's house was later built in 1948–49), and also from a home her father might build on his own ground south of Loughman's. According to this new evidence, Loren Johnston, who then owned the farm now owned by defendants, contemplated an added use of the sewer such as was made here by Miller.

Of course the trial court has a good deal of discretion in granting a new trial and we will not interfere with such an order unless it is reasonably clear there was an abuse of discretion. See Eller v. Paul Revere L. Ins. Co., 230 Iowa 1255, 1260, 300 N.W. 535, 538; In re Condemnation by Iowa-Illinois Gas & Elec. Co., 242 Iowa 534, 536, 47 N.W.2d 162, 163, and citations.

However, petitions for new trial based upon newly discovered evidence are not favored by courts and should be closely scrutinized and granted sparingly. Westergard v. Des Moines Ry. Co., 243 Iowa 495, 499, 52 N.W.2d 39, 42; Eller v. Paul Revere L. Ins. Co., supra.

A new trial should not be granted because of newly discovered evidence unless it "could not with reasonable diligence have been discovered and produced at the trial * * *." Rule 252(f), R. C. P. See also 66 C. J. S., New Trial, section 104a; 39 Am. Jur., New Trial, section 160. The burden rests on the applicant to show such diligence. Eller v. Paul Revere L. Ins. Co., supra, 230 Iowa 1255, 1262, 300 N.W. 535, 539, and citations. We assume, without so deciding, there was no abuse of discretion here in the trial court's finding such diligence was shown.

It is also elementary that a new trial should not be granted for newly discovered evidence unless a different result because thereof is reasonably probable. Larson v. Meyer & Meyer, 227 Iowa 512, 517, 518, 288 N.W. 663, and citations; Eller case, supra,

at page 1263 of 230 Iowa, at page 539 of 300 N.W.; 66 C. J. S., New Trial, section 110a, page 312; 39 Am. Jur., New Trial, section 165.

So this new trial should not have been granted if the new evidence is insufficient to warrant a different result than that reached upon the prior appeal. We think this new evidence, that Loren Johnston in 1912 contemplated use of the drain not only by Loughman but also for one or two other homes, insufficient basis for granting plaintiff relief which our former decision denies.

We held upon the prior appeal plaintiff's easement arose by prescription. Of course this is the law of the case which will be adhered to on this appeal. See Lawson v. Fordyce, 237 Iowa 28, 21 N.W.2d 69, and citations; 3 Am. Jur., Appeal and Error, sections 985, 994; 5 C. J. S., Appeal and Error, section 1821.

Incidentally plaintiff argued upon the former appeal her easement was created by prescription and now agrees with such holding. It is not contended the new evidence shows plaintiff's easement was not so created. An easement does not arise by prescription without adverse use for the full prescriptive period. See Restatement, Property, Servitudes, section 457; 28 C. J. S., Easements, section 10; 17 Am. Jur., Easements, section 59. See also McAllister v. Pickup, 84 Iowa 65, 70, 50 N.W. 556; Kougl v. Curry, S. D., 44 N.W.2d 114, 118, 22 A. L. R.2d 1039, 1045, 1046.

Our former opinion cites authorities for the proposition that the extent of an easement created by prescription is measured by the use through which it arose. So a right cannot be established by prescription which is materially larger than that enjoyed for the full prescriptive period and materially increases the burden upon the servient estate. It is unnecessary to quote from these authorities again or cite others to like effect. However, decisions which support the proposition we have stated include Drieth v. Dormer, 148 Neb. 422, 27 N.W.2d 843, 847; Burkman v. City of New Lisbon, 246 Wis. 547, 18 N.W.2d 4, 19 N.W.2d 311, 314; Romans v. Nadler, 217 Minn. 174, 14 N.W.2d 482, 486; Allen v. Neff, 102 W. Va. 230, 135 S.E. 2, 50 A. L. R. 1293, 1295; American Bank-Note Co. v. New York Elevated R. Co., 129 N. Y. 252, 29 N.E. 302, 305.

No authority to the contrary has come to our attention. Hopkins the Florist v. Fleming, 112 Vt. 389, 391, 26 A.2d 96, 97, 98, 142 A. L. R. 463, 466, holds a prescriptive right to use a sewer pipe over adjoining premises continued after a house on the dominant premises had been converted into a two-family tenement. However, the decision is placed on the ground "that no material increase of the burden upon the servient estate is made to appear. * * * So far as appears the use of the pipe for a two-family tenement may be less than its former use." (Page 466 of 142 A. L. R.) The opinion recognizes .the rule "that the owner of an easement cannot materially increase the burden of it upon the servient estate, nor impose a new or additional burden thereon." (Page 466.)

 The proposition above-stated is conclusive against plaintiff's right to a new trial based on this newly discovered evidence. The drain in question was not used for sewage from the Miller property before 1949. The extent of plaintiff's easement is measured by the use of the drain prior thereto and no ·added use is justified which materially increases the burden upon defendants' farm. The newly discovered evidence has no bearing upon our holding the burden was so increased, which is also the law of the case.

It is true our opinion upon the prior appeal, in response to arguments as to what was originally contemplated, observes "There is no evidence Loren Johnston ever consented to or contemplated such an additional use of the sewer." (242 Iowa at page 891, page 155 of 47 N.W.2d.) Consideration of the newly discovered evidence would render the quoted statement untrue but would not warrant a different decision from that previously reached. The decision is not based upon the quoted words.

We may assume, without so holding, Loren Johnston would be bound, perhaps on some theory of estoppel, by his oral consent in 1912 to such an added use of the sewer as was later made in 1949. But we see no sound basis for holding these defendants are bound by the latter's oral consent. Johnston parted with the farm in 1926 and defendants acquired it in 1941 subject to the prescriptive easement then established in favor of the Loughman property. See McKeon v. Brammer, 238 Iowa 1113, 1125, 29

N.W.2d 518, 525, 174 A. L. R. 1229, 1238, and annotation 1241, 1244. As previously explained, the extent of that easement is measured by the use through which it arose.—Reversed.

All JUSTICES concur.