**IN THE COURT OF APPEALS OF IOWA**

No. 14-1767
Filed June 15, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHNNY ANDERSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.

        Johnny Anderson seeks review of the district court's denial of his motion

for new trial.  **WRIT ANNULLED.**

        Mark C. Meyer, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney

General, for appellee.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Johnny Anderson seeks review of the district court's denial of his motion for new trial, contending (1) the district court applied the wrong standard—considering whether the evidence was available rather than whether the evidence was actually known or could have been discovered in the exercise of reasonable diligence, and (2) the district court's decision was too cursory to enable a meaningful review of whether the new evidence could have changed the outcome of trial. Writ annulled.

## I.    Background Facts and Proceedings

On March 3, 2006, Anderson was charged with one count of sex abuse in the second degree and one count of sex abuse in the third degree. *See State v. Anderson*, No. 11-1991, 2012 WL 5356105, at *1 (Iowa Ct. App. Oct. 31, 2012). Following a bench trial in August 2011, Anderson was found guilty. *See id.* at *4. On December 18, 2013, Anderson filed a motion for new trial. A hearing was held on September 24, 2014.

At the hearing on Anderson's motion for new trial, Anderson presented the following evidence: (1) testimony from his mother in which she indicated her nephew, Bruce Vaughn Jr., lived at the home where the crimes were committed[1] starting in June 2001, her brother was also staying full time in the same residence starting in 2002 in the room where the offenses occurred, and this brother had provided a written statement to her indicating Anderson could not have committed the crimes; (2) the written statement by Anderson's uncle, who

---

[1] The acts of sexual abuse occurred during a four-year time span from January 2000 through January 2004 and involved two minor victims.

was deceased at the time of the hearing, indicating his belief there was no way Anderson could have been alone with the harmed parties and committed the crimes; (3) testimony from Anderson's great aunt that Anderson's uncle lived at the residence in the room where the offenses occurred "during that time period of the early 2000s" and Vaughn Jr. lived in the home before that; (4) testimony from defendant's distant cousin that Anderson's uncle was living at the residence in the room where the offenses occurred and that his own children had been physically abused[2] by Bruce Vaughn Sr.[3]; and (5) a written statement from the same cousin indicating Anderson's uncle lived at the residence starting in 2002.

At the hearing, defendant's mother admitted she knew all the information she attested to when she testified at trial. She further admitted she was asked about the residence where the offenses occurred and the events themselves at the time of trial. Anderson's great aunt stated she was not contacted prior to trial and thus did not testify at that time but would have been available to do so. Anderson's distant cousin also testified Vaughn Sr. had been convicted in Iowa for these alleged previous acts of abuse, but Anderson's attorney admitted no such records could be found. At first Anderson's distant cousin indicated he had attended Vaughn's trial, later he retracted that statement, saying he had instead attended "the trial for the hearing of my kids trying to get them." Finally, Anderson's distant cousin admitted he lived in Mississippi during the time period the offenses were committed but came back for visits.

---

[2] The alleged acts of abuse committed by Vaughn Sr. that Anderson's distant cousin testified to were physical but not sexual in nature.

[3] In their respective briefs, both Anderson and the State identify Vaughn Jr. as the alleged abuser, but the testimony provided at the hearing uniformly identified Vaughn Jr. as another resident at the home in question and Vaughn Sr. as the alleged abuser.

On September 25, 2014, the district court denied Anderson's motion. Anderson appealed.

## II.       Standard and Scope of Review

"We review a district court's denial or grant of a motion for new trial on the basis of newly-discovered evidence for abuse of discretion." *State v. Weaver*, 554 N.W.2d 240, 244 (Iowa 1996), *overruled on other grounds by State v. Hallum*, 585 N.W.2d 249, 253–54 (Iowa 1998). "We find an abuse of discretion only when discretion is exercised on grounds clearly untenable or to an extent clearly unreasonable." *Id.* (citation omitted). "The court's discretion in granting or denying a motion for new trial is 'unusually broad' when the new trial motion is grounded on newly-discovered evidence." *Id.* (citation omitted). "[W]e recognize that motions for new trial are not favored and should be closely scrutinized and sparingly granted." *Id.* at 245; *see also State v. Compiano*, 154 N.W.2d 845, 849 (Iowa 1967) ("The trial court is generally in a better position than we to determine whether evidence, newly discovered, would probably lead to a different verdict upon retrial, and we have often said we will not interfere with its ruling unless it is reasonably clear that such discretion was abused.").

We review challenges to the application of the proper rule of law for correction of errors of law. *Weyerhaeuser Co. v. Thermogas Co.*, 620 N.W.2d 819, 823 (Iowa 2000) ("When, however, the motion [for new trial] and the ruling are based on a claim that the district court erred on issues of law, our review stands or falls on the correctness of its ruling on the legal question.").

### III.     Jurisdiction

Preliminarily, the State argues this court lacks jurisdiction to consider Anderson's appeal.  Specifically, the State claims: (1) Anderson could not file a motion for new trial in a "closed case" and thus the district court had no jurisdiction; (2) Anderson's motion was untimely, and thus both the district court and this court lack jurisdiction; and (3) Anderson's motion for new trial does not constitute a separate, appealable final judgment that can be appealed as a matter of right (and this court should not exercise its discretionary review).

As to the State's first two arguments, Iowa Rule of Criminal Procedure 2.24(2) provides:

> [A]n application for a new trial based upon newly discovered evidence may be made after judgment. . . .
> . . . .
>      . . . [w]hen the defendant has discovered important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at trial.  A motion based upon this ground shall be made without unreasonable delay and, in any event, within two years after final judgment, but such motion may be considered thereafter upon a showing of good cause.

The State argues the motion before the district court was untimely because sentence was rendered on November 14, 2011, and the motion for new trial was not filed until December 18, 2013.  First, the State concedes it failed to challenge the timeliness of Anderson's motion below.  *See, e.g.*, *Bell v. State*, No. 13-1128, 2014 WL 5243351, at *1 (Iowa Ct. App. Oct. 15, 2014) (noting "the State failed to timely assert the statute of limitations defense and therefore waived it").  Regardless, the rule clearly empowers a defendant to file a motion for new trial within two years of final judgment or thereafter where good cause

exists. The motion was filed approximately less than one year after procedendo was filed on the direct appeal. The district court made no specific finding whether the motion was timely filed or whether, if untimely, there was good cause for filing the motion when it was filed. The State did not challenge timeliness or good cause at the district court. For purposes of this appeal, we will assume, without deciding, there was good cause to consider the motion. Thus, the district court had jurisdiction to consider the motion. There is no dispute Anderson timely appealed that decision to this court.

In its third jurisdictional challenge, the State contends we lack jurisdiction to review the district court's denial of Anderson's motion for a new trial because the denial of such a postjudgment motion is not appealable as a matter of right. Iowa Rule of Appellate Procedure 6.103(1) provides:

> All final orders and judgments of the district court involving the merits or materially affecting the final decision may be appealed to the supreme court except as provided in this rule, rule 6.105 [(Review of small claims actions)], and Iowa Code sections 814.5 [(The state as appellant or applicant)] and 814.6 [(The defendant as appellant or applicant)].

While the language of rule 6.103(1) might be read to permit an appeal from the denial of a postjudgment motion for new trial as an order involving the merits of the final judgment in a criminal case, the rule is expressly limited by Iowa Code section 814.6. Section 814.6(1) provides a criminal defendant may appeal as of right only from either "[a] final judgment of sentence, except in case of simple misdemeanor and ordinance violation convictions," or "[a]n order for the commitment of the defendant for insanity or drug addiction."

As we have explained above, a defendant may move for a new trial after entry of judgment as provided in Iowa Rule of Criminal Procedure 2.24(2). However, we agree with the State that, under Iowa Code section 814.6(1), a defendant does not have the right to appeal the denial of a motion for a new trial that was filed after entry of final judgment and passage of the time to appeal from that final judgment. Rather, an appeal from the denial of a postjudgment motion for new trial must be taken either: (1) by application for discretionary review under Iowa Rule of Appellate Procedure 6.106 of "[a]n order raising a question of law important to the judiciary and the profession" as permitted by Iowa Code section 814.6(2)(e), or (2) on petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107, as a claim the district court exceeded its jurisdiction or otherwise acted illegally.

> This court will sustain a writ of certiorari if the district court exceeded its jurisdiction or acted illegally. "Illegality exists when the findings on which the court has based its conclusions of law do not have substantial evidentiary support or when the court has not applied the proper rule of law."

*Allen v. Iowa Dist. Ct.*, 582 N.W.2d 506, 508 (Iowa 1998) (citations omitted). In this case, one of Anderson's claims on appeal is that the district court did not use the proper rule of law when it denied his motion for new trial. We determine the proper form of review should have been by a petition for writ of certiorari. Pursuant to Iowa Rule of Appellate Procedure 6.108, we treat Anderson's notice of appeal and briefs as a petition for writ of certiorari and grant the writ.

## IV.  Analysis

Iowa Rule of Criminal Procedure 2.24(2)(b)(8) provides, in pertinent part, a district court may grant a new trial "[w]hen the defendant has discovered

important and material evidence in the defendant's favor since the verdict, which the defendant could not with reasonable diligence have discovered and produced at trial." In order to prevail under this rule, Anderson must show the proffered evidence (1) was discovered after the verdict, (2) could not have been discovered "earlier in the exercise of reasonable diligence," (3) "is material to the issues in the case and not merely cumulative or impeaching," and (4) "probably would have changed the result of the trial in which [he] was convicted." *Weaver*, 554 N.W.2d at 246; *see also State v. Romeo*, 542 N.W.2d 543, 550 (Iowa 1996).

In its order, the district court found the evidence was available at the time of trial; the evidence was cumulative, not credible, or immaterial; and the evidence would not have changed the results of the trial. On appeal, Anderson challenges only the district court's finding that the evidence was available— alleging this was an application of an impermissible standard, as the court failed to consider whether the evidence was known or reasonably discoverable with exercise of reasonable diligence—and that the evidence would not have changed the result of the trial.

The district court found the uncle's statement was of questionable authenticity, "likely not admissible," and "merely cumulative." The district court further found "[s]ome of the proffered testimony of [Anderson's distant cousin] is also cumulative. In other respects, the proffered testimony is not credible or is immaterial to the issues involved in this case." Anderson does not argue the district court impermissibly found the evidence to be cumulative, not credible, or immaterial, and thus his application for relief on the ground of newly-discovered evidence, with regard to this evidence, fails. *See State v. Sims*, 239 N.W.2d 550,

555 (Iowa 1976) ("However, whatever the situation regarding the elements of due diligence and probable effect on the result upon retrial, defendant failed to show this evidence is other than cumulative or impeaching.  This failure is sufficient in itself to defeat his application for relief on the ground of newly discovered evidence.").

Further, we do not consider Anderson's argument that the district court applied the improper standard persuasive. As noted by Anderson, the district court referenced the appropriate standard, noting a motion for new trial based on newly-discovered evidence is warranted where, in relevant part, the evidence "could not have been discovered earlier in the exercise of due diligence."

Our supreme court has previously explained the concept of due diligence:

> The showing of diligence required is that a reasonable effort was made.  The applicant is not called upon to prove he sought evidence where he had no reason to apprehend any existed.  He must exhaust the probable sources of information concerning his case; he must use that of which he knows, and he must follow all clues which would fairly advise a diligent man that something bearing on his litigation might be discovered or developed.  But he is not placed under the burden of interviewing persons or seeking in places where there is no indication of any helpful evidence.

*State v. Farley*, 226 N.W.2d 1, 4 (Iowa 1975) (quoting *Westergard v. Des Moines Ry. Co.*, 52 N.W.2d 39, 44 (Iowa 1952)).  The burden rests on Anderson to show he exercised reasonable diligence.  *See Loughman v. Couchman*, 53 N.W.2d 286, 720 (Iowa 1952) ("The burden rests on the applicant to show such [reasonable] diligence.").

In evaluating the testimony of Anderson's mother and great aunt, the court concluded:

The proffered evidence was available to the defendant at the time of trial. Defendant's mother . . . testified at hearing on this motion. She also testified at trial. Ms. Murphy acknowledges that at the time of trial she had knowledge of everything that she testified to at this hearing. In addition [Defendant's great aunt] was known by the defendant at the time of trial. She would have been available to testify at trial.

. . . Defendant presented evidence at trial regarding the presence of [his uncle] and the condition of the room.

In so finding, the court clearly indicated Anderson failed in his burden to prove the evidence could not have been discovered in the exercise of reasonable diligence. We find no error.

Finally, Anderson challenges the district court's conclusion the evidence would not have changed the results of the trial. The district court's ruling following trial contained thorough factual findings based on the witness-credibility determinations made by the district court.[4] The detailed testimony of the two victims and their older sister was found credible. Taken as a whole, Anderson's new evidence is that the guest bedroom at issue was used by another family member during portions of the timeframe the abuse occurred, Vaughn Jr. lived in the same house for certain relevant time periods, and Vaughn Sr. once physically abused other children. The district court's ruling, though succinct, provided adequate reasoning for meaningful review. Thus, the district court's ruling was not an abuse of discretion.

**WRIT ANNULLED.**

---

[4] Anderson's motion for new trial was heard by the same judge that presided over the bench trial.